UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CHEEVERS,<br><br>                     Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>                     Respondent. | Criminal Case No. 13-CR-492-GPC<br>Civil Case No. 14-CV-1699-GPC<br><br>**ORDER DENYING 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, DENYING CERTIFICATE OF APPEALABILITY**<br><br>[Dkt. No. 541] |

## INTRODUCTION

Petitioner, James Cheevers ("Petitioner"), a federal prisoner proceeding *pro se*, filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. [Dkt. No. 541[1].] Respondent filed an opposition. [Dkt. No. 574]. For the following reasons, the Court **DENIES** Petitioner's § 2255 Petition.

## BACKGROUND

During an investigation, the FBI used court-authorized wire interceptions and other techniques to investigate the narcotics trafficking activities of methamphetamine distributors connected to the local Skyline gang. [Dkt. No. 459, PSR at 5.] Agents

---

[1] All docket citations refer to the docket numbers as filed in Petitioner's criminal case, 13-CR-492-GPC.

began intercepting Carlos Sanchez which revealed that he supplied methamphetamine to Petitioner Cheevers. [Id. at 5-6.] During the approximately two and a half months that agents monitored Sanchez's phones, agents intercepted about 171 relevant calls between Sanchez and Cheevers/Cleveland.[2] [Id. at 6.] During these calls, Petitioner typically ordered ½ ounce to ounce quantities of methamphetamine from Sanchez. [Id. at 6-7.]

On February 18, 2014, pursuant to a Plea Agreement, Petitioner entered a guilty plea to a Superseding Information charging him with conspiracy to distribute controlled substances, in violation of 21 U.S.C §§ 841(a)(1) and 846. [Dkt. No. 371.] Petitioner signed the Plea Agreement and acknowledged that it included all of the promises made to him by the Government. [Dkt. No. 371 at 13-15.].

On May 16, 2014, the Court held Petitioner's sentencing hearing. [Dkt. No. 483.] Prior to the hearing, Petitioner submitted a sentencing memorandum asking that the sentence the Court would impose run concurrent to his custodial sentence on a recent state conviction. [Dkt. No. 470.] During the hearing, the Court inquired about the overlap between this case and his state case, with the Government noting that it had not begun wire intercepts until after Cheevers's arrest in his state case. [Dkt. No. 546, Ex. 3 at 10.] The Government argued that the Court not run the sentences concurrent. [Id. at 11.] The Court sentenced Cheevers to 105 months custody. [Id. at 15.] In imposing the sentence, the Court specifically rejected the proposal of running the sentence concurrent to Cheevers's custodial sentence on his state conviction. [Id. at 16.]

On June 13, 2014, Petitioner sent a letter asking the Court to reduce his sentence. [Dkt. No. 524.] Petitioner claimed he had been informed by his attorney that the Government had agreed to run his sentences concurrent in exchange for his guilty plea. [Id.] On October 7, 2014, the Court denied Petitioner's motion to modify sentence. [Dkt. No. 541.]

On July 11, 2014, Petitioner sent another letter to the Court alleging that his

---

[2]Cheevers often used Cleveland's phone to contact Sanchez. (Dkt. No. 459.)

attorney had not responded to any of his or his family's inquiries and that he had not seen or spoken to her since his sentencing. [Dkt. No. 541.] The Court construed the letter as a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. [Dkt. No. 547.] Respondent filed a timely response on August 21, 2014. [Dkt. No. 574.]

## LEGAL STANDARD

Section 2255 authorizes this Court to "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). To warrant relief under section 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

## DISCUSSION

Petitioner raises two grounds for his claim of ineffective assistance of counsel: (1) his trial attorney has not responded to inquiries by him or his family since sentencing, and (2) Petitioner claims that he was "lied to, mislead, and unprepared at sentencing." [Dkt. No. 541.] In addition, Petitioner requests that the Court appoint him different counsel. [Id.]

**1.   Ineffective Assistance of Counsel**

A petitioner claiming ineffective assistance of counsel must show both (1) deficient performance under an objective standard of reasonableness, and (2) prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, "[t]he challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment.'" Harrington v. Richter, 131 S.Ct. 770, 787 (2011) (quoting Strickland, 466 U.S. at 687). Reviewing courts must apply a "strong presumption" that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see Cullen v. Pinholster, 131 S.Ct. 1388, 1407 (2011) (courts must give "attorneys the benefit of the doubt" for proceeding as they did).

To demonstrate prejudice, the petitioner must show that "but for counsel's unprofessional errors," there is a reasonable probability "the result of the proceeding would have been different." Strickland, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome."); see Richter, 131 S.Ct. at 792 ("The likelihood of a different result must be substantial, not just conceivable"). Nonetheless, "[b]ecause failure to meet either [Strickland] prong is fatal to [an ineffective assistance of counsel] claim, there is no requirement that we 'address both components of the inquiry if the defendant makes an insufficient showing on one.'" Gonzalez v. Wong, 667 F.3d 965, 987 (9th Cir. 2011) (quoting Strickland, 466 U.S. at 697); see Bell v. Cone, 535 U.S. 685, 695 (2002) ("Without proof of both deficient performance and prejudice to the defense . . . the sentence or conviction should stand.") (citation omitted).

When a defendant challenges counsel's effectiveness during a guilty plea, the relevant inquiry is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Hill v. Lockhart, 474 U.S. 52, 56 (1985). In the context of guilty pleas, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59. However, reasoned tactical decisions, even if considered wrong in retrospect, cannot support a claim of incompetence. Bashor v. Risley, 730 F.2d 1228, 1240-41 (9th Cir. 1984).

**A.    Unavailability of Counsel Post-Conviction**

Petitioner first complains that his counsel has not responded to his or his family's

inquiries or met with him since his sentencing hearing. [Dkt. No. 541.] Respondent opposes.

The "right to counsel under the Sixth Amendment applies to all critical stages of the prosecution" where substantial rights may be affected. U.S. v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003) (quoting Kirby v. Illinois, 406 U.S. 682, 690 (1972)) (internal quotation omitted). The "essence of a 'critical stage' is "the adversary nature of the proceedings, combined with the possibility that a defendant will be prejudiced in some significant way by the absence of counsel." Leonti, 326 F.3d at 1117. Counsel is necessary to provide a guiding hand at "every stage of the proceedings against him." Maine v. Moulton, 474 U.S. 159, 169 (1985). A defendant does not have a right to the assistance of counsel in collateral review proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Bonin v. Vasquez, 999 F.2d 425, 429 (9th Cir. 1993) ("Clearly, there is no constitutional right to counsel on habeas.").

Here, Petitioner argues that his counsel has not responded to his inquiries after all proceedings against him have ended. Since Petitioner has been sentenced and his conviction is final, he has no right to counsel. Moreover, he has no right to the assistance of counsel now that he seeks to collaterally challenge the effectiveness of trial counsel. Therefore, the Court concludes that Petitioner's claim for ineffective assistance of counsel on this basis cannot be supported.

**B.     Claim that Counsel Lied or Mislead Petitioner during Sentencing**

Petitioner further claims that he was "lied to, mislead, and unprepared at sentencing." [Dkt. No. 541.] Based on the allegation in his motion to reduce sentence, it appears that he is alleging that while his attorney informed him that the government agreed to a concurrent sentence in exchange for his guilty plea, he did not receive a concurrent sentence. Petitioner has not produced any facts to show that his attorney and the government made such an agreement. This unsupported claim is belied by the plea agreement that Petitioner executed in this case. In the plea agreement, the Government did not agree to recommend a federal sentence

concurrent with the state sentence. Moreover, the Court denied Petitioner's motion to reduce sentence based on this allegation. [Dkt. No. 541.]

Petitioner alleges in a conclusory manner that he was lied to, mislead, and unprepared at sentencing without providing specific facts to show that his attorney lied to him or mislead him to believe that his sentence would run concurrently to his state conviction. See James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegation which are not supported by a statement of specific facts do not warrant habeas relief."). The record does not reveal any facts that his attorney told him that the Government agreed to run his federal and state sentences concurrently in exchange for his guilty plea. As a result, the Court finds that Petitioner does not meet his burden to show deficient performance by counsel. As Petitioner is unable to satisfy the deficient performance prong of Strickland, the Court need not address whether he suffered prejudice, the second prong of the Strickland analysis. See Gonzalez, 667 F.3d at 987.

Having found Petitioner's § 2255 motion insufficient to demonstrate his entitlement to habeas relief, the Court hereby **DENIES** the motion.

**2.     Motion to Appoint Counsel**

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Nevius v. Sumner, 105 F.3d 453, 459 (9th Cir.1996) (noting that there currently exists no constitutional right to appointment of counsel in habeas proceedings): Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir.1986). However, courts may appoint counsel for financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir.1990) (citing 18 U.S.C. § 3006A(a)(2)(B)); Chaney, 801 F.2d at 1196 ("[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to

prevent due process violations.").

Petitioner has failed to show "that the interests of justice require" him to have the assistance of counsel on this habeas proceeding. 18 U.S.C. § 3006A(a)(2)(B). Rather, Petitioner summarily asserts, without any reasons, that the Court should appoint him different counsel. See James, 24 F.3d at 26("Conclusory allegation which are not supported by a statement of specific facts do not warrant habeas relief."). Thus, this Court **DENIES** Petitioner's motion for counsel.

### 3. Certificate of Appealability

Under AEDPA, a prisoner seeking to appeal a district court's denial of a habeas petition must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). The district court may issue a certificate of appealability if the petitioner has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court *sua sponte* **DENIES** Petitioner a certificate of appealability.

## CONCLUSION AND ORDER

Based on the above, the Court **DENIES** Petitioner's § 2255 motion to vacate, set aside, or correct his federal sentence. [Dkt. No. 541.] The Court also **DENIES** a Certificate of Appealability. The Clerk of the Court shall close both Petitioner's criminal case, No. 13-CR-492-GPC, and Petitioner's civil case, No. 14-CV-1699 GPC.

IT IS SO ORDERED.

DATED: November 19, 2014

HON. GONZALO P. CURIEL
United States District Judge